**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JESSIE ANTHONY PARKER,** | * |
| **# 08480-003,** | * |
| | * |
| **Petitioner,** | * |
| | * **CRIMINAL NO. 18-00247-TFM-B** |
| **vs.** | * **CIVIL ACTION NO. 22-00013-TFM-B** |
| | * |
| **UNITED STATES OF AMERICA,** | * |
| | * |
| **Respondent.** | * |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Jessie Anthony Parker's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 125). This matter has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings.[1] An evidentiary hearing was conducted on December 7, 2022. (Doc. 141). Upon consideration of all matters presented, the undersigned hereby recommends that Parker's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 125) be **GRANTED**, that Parker's sentence be vacated, and that Parker be resentenced.

---

[1] United States District Judge Terry F. Moorer presided over the proceedings in this matter. The undersigned has reviewed Parker's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Moorer.

## I.    BACKGROUND

Petitioner Jessie Anthony Parker ("Parker") was charged by superseding indictment with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (count one), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (count two), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count three), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (counts four and five). (Doc. 35). In January 2019, a jury found Parker guilty as to counts one, two,[2] and four, and not guilty as to counts three and five. (Doc. 78; Doc. 79 at 1-2; Doc. 120 at 87).

Before Parker's sentencing, a probation officer prepared a presentence investigation report ("PSR"). (Doc. 83). The PSR listed Parker's base offense level as 24 and added two levels because a firearm was possessed. (Id. at 7). This yielded an adjusted offense level of 26, and Parker's criminal history score established a criminal history category of V. (Id. at 8, 12). The PSR reflected that Parker had three prior convictions for a serious drug offense; thus, he was classified as an armed career criminal subject to an enhanced sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and

---

[2] Parker admitted to the jury that he was guilty of the drug counts, counts one and two. (Doc. 118 at 41-42; Doc. 120 at 29).

its corresponding sentencing guideline, U.S.S.G. § 4B1.4.  (Id. at 8).  The PSR identified the ACCA predicate serious drug offenses as three Alabama first-degree marijuana possession "convictions." (Id. at 9-11; see also Doc. 84 at 1).  With respect to the first of those offenses, the PSR reflected that Parker was 19 years old on the date of arrest and stated:

> 11/14/2002: 2) *Defendant granted youthful offender status.* Pled guilty.  Sentenced to 3 years imprisonment, split to serve 90 days bootcamp and 3 years probation.
> 05/19/2003: Probation revoked, original sentence imposed.
> 06/09/2003: Motion to amend sentence filed.
> 04/08/2004: Sentence amended; sentenced to 3 years custody, split, to time served.  Probation terminated.
>
> The defendant was represented by counsel.  Details of the offense reveal that the defendant was found to be in possession of an unlisted amount of marijuana, for purposes other than personal use.  Additional circumstances of this case are not available.

(Doc. 83 at 9-10 (emphasis added)).  Based on the determination that Parker was an armed career criminal, his total offense level was raised to 37, and his criminal history category increased to VI, making his guideline imprisonment range 360 months to life, except as to count one, for which the statutory maximum was 120 months.  (Id. at 8, 12, 16).

Parker's attorney, Henry Chase Dearman ("Dearman"), filed written objections to the PSR, which included an objection to the armed career criminal enhancement on the ground that Parker did "not have three qualifying prior convictions of a violent felony

3

or serious drug offense pursuant to 18 U.S.C. 924(e)." (Doc. 88 at 1). Specifically, Dearman argued that Parker's prior "convictions for First Degree Marijuana" did not qualify as predicate serious drug offenses under the ACCA because:

> In order to qualify as a conviction considered "a serious drug offense" for purposes of 18 U.S.C. 924(e) there must be an element of distribution.
>
> In the State of Alabama, one can be convicted of possession of marijuana in the first degree by possessing any amount of marijuana. Section 13a-12-213 Code of Alabama 1975 provides for conviction of marijuana in the first degree if the Defendant has previously been convicted of personal use marijuana, marijuana 2nd, a misdemeanor.

(Id. at 1-2).

In a revised addendum to the PSR, the probation officer responded to Parker's objection to the armed career criminal enhancement as follows:

> According to the indictments for the convictions (Possession of Marijuana, First Degree), in paragraphs 39, 40, and 41, the defendant unlawfully possessed marijuana for purposes other than personal use. These convictions are considered "serious drug offenses," and qualifies the defendant as an armed career offender. Therefore, the presentence report remains unchanged.

(Doc. 84 at 1).

At sentencing in August 2019, the Court overruled Parker's objections[3] and adopted the PSR without change, "with the specific

---

[3] At the sentencing hearing, the Government responded to Parker's objection to the armed career criminal enhancement by citing United States v. Barnes, 280 F. App'x 910 (11th Cir. 2008) (per curiam), in which the Eleventh Circuit held that a conviction for possessing

factual findings that the total offense level is 37 and the criminal history category is VI, which, as to Count One, leaves a statutory sentence of 120 months; Count Two, a 360-month-to-life imprisonment range; and likewise, as to Count Four." (Doc. 101 at 1; Doc. 117 at 39-40, 45-46). The Court sentenced Parker to 360 months in prison, consisting of concurrent terms of 120 months as to count one and 360 months as to counts two and four. (Doc. 100 at 2; Doc. 117 at 47).

Parker appealed his conviction and sentence, and new counsel was appointed to represent him on direct appeal. (Docs. 96, 110). As pertinent here, Parker argued on appeal that the district court erred in deeming him an armed career criminal because he did not have the requisite three ACCA predicate convictions. (Doc. 122 at 6). Specifically, Parker asserted that one of the three offenses used to enhance his sentence did not qualify as an ACCA predicate "conviction" because it was not a conviction at all under controlling state law, but rather an adjudication under Alabama's Youthful Offender Act. (Id. at 6-7). Parker further argued that even if the youthful offender adjudication were considered a conviction, it would not qualify as an ACCA predicate because the

---

marijuana for other than personal use under Alabama's first-degree marijuana possession statute necessarily implies that the defendant possessed marijuana with the intent to distribute it and thereby committed a serious drug offense as defined in 18 U.S.C. § 924(e)(2)(A)(ii). (See Doc. 117 at 38).

three-year maximum sentence for such an adjudication falls below the ten-year requirement for a conviction to qualify as a predicate "serious drug offense" under the ACCA. (Id. at 7-8).

Because Parker's counsel had not raised these arguments in the district court,[4] the Eleventh Circuit Court of Appeals applied plain error review to Parker's challenge to his sentence. (Id. at 6-9). The Eleventh Circuit noted that "[n]either this Court nor the Supreme Court has addressed whether an Alabama youthful offender adjudication may qualify as an ACCA predicate." (Id. at 8). And it found that "Alabama's youthful offender scheme . . . does not 'specifically resolve' Parker's challenge in his favor." (Id.). Thus, despite noting that "Parker may be correct under a de novo standard of review," the appellate court found that the sentence imposed by the district court did not meet the Eleventh Circuit's standard for plain error[5] and accordingly affirmed Parker's sentence. (Id. at 8-9).

Subsequent thereto, Parker, through counsel, filed the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255.

---

[4] The Eleventh Circuit noted that "although Parker objected in the district court to the enhancement of his sentence under the ACCA, he made no argument about the youthful offender adjudication he received as to one of his offenses." (Doc. 122 at 7 n.2).

[5] See United States v. Schultz, 565 F.3d 1353, 1357 (11th Cir. 2009) (per curiam) ("An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court.").

(Doc. 125).  In the motion, Parker asserts that he received ineffective assistance of counsel at sentencing because Dearman failed to object to the fact that his ACCA sentence enhancement improperly relied on an Alabama youthful offender adjudication as one of the requisite three predicate convictions.  (Id.).  The Government filed a response in opposition to Parker's motion (Doc. 127), and Parker filed a reply.  (Doc. 132).  On December 7, 2022, the undersigned held an evidentiary hearing in this matter and heard testimony from Dearman and another local attorney, Gordon Armstrong, III.  (Doc. 141).  The parties submitted supplemental briefs following the hearing.  (Docs. 142, 143).  Parker's § 2255 motion has thus been fully briefed and is ripe for review.

## II.  **HABEAS STANDARD**

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal.").  A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted."  Frady, 456 U.S. at 164.  Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited.  United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979).  Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant

is, of course, entitled to a hearing of his claims, but not to duplicate hearings.  The appellate process does not permit reruns." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979).

<u>United States v. Evans</u>, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008).

## III. <u>DISCUSSION</u>

In his § 2255 motion, Parker claims that his sentencing counsel rendered constitutionally deficient performance by failing to object to the PSR's legal conclusion that his Alabama youthful offender ("YO") adjudication constituted a previous conviction for a serious drug offense under the ACCA on the grounds that such an adjudication (1) is not a criminal "conviction" for purposes of the ACCA, and (2) does not meet the ACCA's definition of a "serious drug offense" because it carries a maximum term of imprisonment of less than ten years.  (Doc. 125).

In response, the Government asserts that Parker's arguments are procedurally barred because the Eleventh Circuit decided them adversely to him, albeit under plain error review.  (Doc. 127 at 9-10).  The Government further contends that Parker cannot show deficient performance by counsel or resulting prejudice given the lack of binding precedent specifically addressing whether an Alabama YO adjudication could qualify as a predicate conviction for a serious drug offense under the ACCA.  (<u>Id.</u> at 11-16).

To prevail on a claim of ineffective assistance of counsel, Parker must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) counsel's poor showing prejudiced his defense because there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Parker bears the burden of proving his ineffective assistance claims, and he must meet his burden on both prongs to succeed. Williams v. Allen, 598 F.3d 778, 789 (11th Cir. 2010).

With regard to the first prong, the proper measure of attorney performance is whether counsel's performance was objectively reasonable under prevailing professional norms considering all the circumstances. Hinton v. Alabama, 571 U.S. 263, 273 (2014) (per curiam). This judicial scrutiny is highly deferential, and courts must adhere to a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). It is possible for the commission of a single error to amount to ineffective assistance; however, the error "must be so substantial as to stamp [counsel's] overall performance with the

mark of ineffectiveness." Gordon v. United States, 518 F.3d 1291, 1297-98 (11th Cir. 2008) (quotation omitted).

Although counsel does not render ineffective assistance for an error in judgment if the legal principle at issue is unsettled, counsel's ignorance of a well-defined legal principle is nearly inexcusable. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). Furthermore, "the mere absence of authority does not automatically insulate counsel's failure to object on that basis." Gallo-Chamorro v. United States, 233 F.3d 1298, 1304 (11th Cir. 2000); see also United States v. Carthorne, 878 F.3d 458, 465-66 (4th Cir. 2017) ("[T]he ineffective assistance standard may require that counsel raise material issues even in the absence of decisive precedent."); Bridges v. United States, 991 F.3d 793, 804 (7th Cir. 2021) ("[T]here are some circumstances where [defense attorneys] may be obliged to make, or at least to evaluate, an argument that is sufficiently foreshadowed in existing case law.").

To establish prejudice under Strickland, Parker must show more than that the alleged errors had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation omitted). Rather, he must show a reasonable probability that his sentence would have been different but for counsel's unprofessional errors. Peoples v. Campbell, 377 F.3d 1208, 1244 (11th Cir. 2004). "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003). Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." Id. at 504; see also United States v. Curbelo, 726 F.3d 1260, 1267 (11th Cir. 2013) ("An ineffective assistance claim should usually be raised in a motion under 28 U.S.C. § 2255.").

The ACCA "imposes a sentencing enhancement for a defendant convicted under [18 U.S.C.] § 922(g) and who has three previous convictions for violent felonies or serious drug offenses." United States v. Robinson, 583 F.3d 1292, 1293 (11th Cir. 2009) (per curiam); see 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4. Specifically, the ACCA provides that any person who violates § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," shall be imprisoned for not less than fifteen years. 18 U.S.C. § 924(e)(1).[6] As used in § 924(e), the term "serious drug

---

[6] A defendant who is subject to an enhanced sentence under the ACCA is also an "armed career criminal" under the sentencing guidelines, which affects the defendant's offense level and criminal history category. See U.S.S.G. § 4B1.4.

offense" is defined to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. at § 924(e)(2)(A)(ii).

As noted previously, Parker's ACCA enhancement was based, in part, on his prior Alabama YO adjudication with an underlying offense of first-degree possession of marijuana. (See Doc. 83 at 9-10; Doc. 84 at 1). Parker contends that his sentencing counsel was ineffective for failing to object to the enhancement on the basis that an adjudication under Alabama's Youthful Offender Act does not count as a predicate "conviction" of crime under the ACCA. (Doc. 125 at 7-9). For purposes of the ACCA, "'[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.'" United States v. Santiago, 601 F.3d 1241, 1243 (11th Cir. 2010) (quoting 18 U.S.C. § 921(a)(20)). Thus, the sentencing court was required to look to Alabama law in the enhancement context to determine whether Parker's YO adjudication constituted a previous conviction for purposes of the ACCA. See id. at 1246[7]; Johnson v.

---

[7] In Santiago, the Eleventh Circuit Court of Appeals had to determine whether a guilty plea and subsequent withholding of adjudication qualified under Florida law as a predicate conviction for the purpose of enhancing a defendant's sentence under the ACCA. Santiago, 601 F.3d at 1242. The Eleventh Circuit held that because § 924(e) is a sentence enhancement provision, "the relevant state

United States, 2013 U.S. Dist. LEXIS 58794, at *10, 2013 WL 944803, at *3 (M.D. Ala. Feb. 15, 2013) ("[I]t is appropriate to look to Alabama's law in an enhancement context to determine whether Johnson's guilty plea to third-degree robbery constituted a conviction for purposes of the ACCA."), report and recommendation adopted, 2013 U.S. Dist. LEXIS 32915, 2013 WL 945373 (M.D. Ala. Mar. 11, 2013).

Alabama's Youthful Offender Act provides that a determination made under the Act "shall not be deemed a conviction of crime;" but "if [the defendant] is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered." Ala. Code § 15-19-7(a).[8]  "Alabama courts have repeatedly held that youthful offender adjudications may not be considered prior

---

law to which we should look for guidance [under § 921(a)(20)] in determining what constitutes a conviction with respect to the 2001 prior Florida guilty plea in this case is the Florida law in the enhancement context-i.e., the Florida law concerning enhancement for habitual felony offenders." Id. at 1246.

[8] Section 15-19-7(a) provides:

> No determination made under the provisions of this chapter shall disqualify any youth for public office or public employment, operate as a forfeiture of any right or privilege or make him ineligible to receive any license granted by public authority, and such determination shall not be deemed a conviction of crime; provided, however, that if he is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered.

Ala. Code § 15-19-7(a).

convictions under Alabama law." United States v. Robinson, 518 F.
Supp. 2d 1341, 1344 (M.D. Ala. 2007); see Raines v. State, 317 So.
2d 559, 561 (Ala. 1975) ("The Youthful Offender Act is intended to
extricate persons below twenty-one years of age from the harshness
of criminal prosecution and conviction.  It is designed to provide
them   with   the   benefits   of   an   informal,   confidential,
rehabilitative system.  A determination that one is a youthful
offender (1) does not disqualify the youth from public office or
public employment, (2) does not operate as a forfeiture of any
right or privilege, (3) does not make him ineligible to receive
any license granted by public authority, and (4) shall not be
deemed a conviction of crime; and (5) the record shall not be open
to public inspection except upon permission of the court."); Ex
parte Thomas, 435 So. 2d 1324, 1326 (Ala. 1982) (holding that a
"youthful offender determination . . . may not be considered a
prior felony conviction, as contemplated by the Habitual Offender
Act, so as to bring the defendant within the purview of the higher
sentence categories of that Act"); Ex parte Dixon, 804 So. 2d 1075,
1077  (Ala.  2000)  ("[Y]outhful-offender  convictions  are  not
considered prior convictions for purposes of sentence enhancement
under the HFOA.")[9]; Gordon v. Nagle, 647 So. 2d 91, 95 (Ala. 1994)

---

[9] As noted *supra*, it was appropriate to look to Alabama's law in
the  enhancement  context  in  determining  whether  Parker's  YO
adjudication constituted a predicate conviction for the purpose of
enhancing his sentence under the ACCA.  See Santiago, 601 F.3d at

("An adjudication of youthful offender status is very different from conviction as an adult, because it is not deemed a conviction of crime at all[.]"); <u>Thomas v. State</u>, 445 So. 2d 992, 994 (Ala. Crim. App. 1984) ("Although the Youthful Offender Act is separate and distinct from those statutes dealing with juveniles, both contain clear statements that an adjudication under their respective provisions is not to be considered a conviction.")[10]; <u>Baldwin v. State</u>, 456 So. 2d 117, 123 (Ala. Crim. App. 1983) ("Under the Alabama statute, after one is adjudged a youthful offender, any determination of guilt shall not be deemed a conviction, and thus, could not be an aggravating circumstance under § 13-11-6(2) or § 13A-5-49(2) Code of Alabama (1975)."), <u>aff'd sub nom.</u> <u>Ex parte Baldwin</u>, 456 So. 2d 129 (Ala. 1984), <u>aff'd sub nom.</u> <u>Baldwin v. Alabama</u>, 472 U.S. 372 (1985).

The undersigned is cognizant that § 15-19-7(a) provides that if a youthful offender "is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered." Ala.

---

1246; <u>Johnson</u>, 2013 U.S. Dist. LEXIS 58794, at *10, 2013 WL 944803, at *3. And, as the cases cited herein indicate, Alabama courts have squarely and repeatedly held that an Alabama YO adjudication is not considered a conviction for purposes of enhancing a defendant's sentence under the Habitual Felony Offender Act. <u>See</u> <u>Ex parte Thomas</u>, 435 So. 2d at 1326; <u>Ex parte Dixon</u>, 804 So. 2d at 1077.

[10] In <u>Thomas</u>, the Alabama Court of Criminal Appeals also noted that "using adjudication as a youthful offender to impeach credibility . . . is not permitted because an adjudication is not a conviction[.]" <u>Thomas</u>, 445 So. 2d at 994-95.

Code § 15-19-7(a).  However, Alabama courts have construed this "to mean only that the adjudication can be considered in determining the sentence to be imposed within a statutory range for a later crime." Robinson, 518 F. Supp. 2d at 1344; see Ex parte Thomas, 435 So. 2d at 1326 (interpreting § 15-19-7(a)'s final clause to mean that "a prior youthful offender adjudication is properly considered in determining the sentence to be imposed within the statutory range for a later crime for which the defendant has been convicted"); Gordon v. Nagle, 2 F.3d 385, 387 (11th Cir. 1993) ("The most central consequence of youth[ful] offender status in this case is that the adjudication made pursuant to such status may be considered in determining a sentence to be imposed within the statutory range for a later crime of which defendant is convicted, but it may not be considered a prior felony conviction as contemplated by the Habitual Offender Act[.]").

At least one federal district court in Alabama has specifically addressed the question of whether an adjudication under Alabama's Youthful Offender Act qualifies as a predicate "conviction" under the ACCA and held that such an adjudication is not a prior "conviction" for purposes of the ACCA. See Robinson, 518 F. Supp. 2d at 1344-45 ("The law in Alabama is clear that a sentence imposed under the Youthful Offender Act is not a 'conviction.'  The Youthful Offender Act specifically provides that a determination made under the Act 'shall not be deemed a

conviction of crime.'  Ala.Code § 15-19-7(a).  Moreover, Alabama courts have repeatedly held that youthful offender adjudications may not be considered prior convictions under Alabama law.").[11]

Similarly, a judge from this Court has addressed the question of whether an Alabama YO adjudication qualifies as a prior conviction under Alabama law for purposes of § 922(g)(1)[12] and held:

> Alabama law leaves no room for doubt-a youthful offender adjudication is *not* a conviction.  First, it is not a conviction because that is what the Alabama Youthful Offender Act says.  According to the statute, a youthful offender adjudication "shall not be deemed a conviction of a crime."  Ala.Code § 15-19-7 (1975).  Both state and federal courts agree that the statute means what it says— an adjudication is not a conviction.

United States v. Adams, 2011 U.S. Dist. LEXIS 42467, at *3, 2011 WL 1490340, at *1 (S.D. Ala. Apr. 19, 2011) (Butler, J.) (emphasis in original).

---

[11] Although Robinson involved the issue of whether an Alabama YO adjudication with an underlying offense of burglary qualified as a previous conviction for a violent felony under the ACCA, whereas this case involves the issue of whether an Alabama YO adjudication with an underlying offense of first-degree marijuana possession qualified as a previous conviction for a serious drug offense under the ACCA, the relevant inquiry, i.e., whether an Alabama YO adjudication constitutes a previous "conviction" under the ACCA, is the same in both cases.  See Robinson, 518 F. Supp. 2d at 1343-45.

[12] As with § 924(e), what constitutes a conviction for purposes of § 922(g)(1) is "determined in accordance with the law of the jurisdiction in which the proceedings were held."  See 18 U.S.C. § 921(a)(20); Adams, 2011 U.S. Dist. LEXIS 42467, at *2-3, 2011 WL 1490340, at *1.

Having reviewed the record and the extant case law at length, the undersigned concludes that Parker should prevail on his ineffective assistance of counsel claim and be resentenced. Parker has shown that his counsel performed deficiently by failing to recognize that an Alabama YO adjudication is not a criminal conviction under Alabama law and failing to object to his sentence enhancement on the basis that an Alabama YO adjudication does not constitute an ACCA predicate conviction. Based on the statutory and case authority referenced above, which reflects that in the enhancement context, courts in Alabama have been consistent in not treating a YO adjudication as a prior conviction, the legal principles at issue were sufficiently clear and well-defined so as to place on defense counsel a duty to object to the use of an Alabama YO adjudication as an ACCA predicate conviction. See Carthorne, 878 F.3d at 466 (stating that "counsel may be constitutionally required to object when there is relevant authority strongly suggesting that a sentencing enhancement is not proper"); Ramirez v. United States, 799 F.3d 845, 855 (7th Cir. 2015) (finding that counsel performed deficiently by failing to object to defendant's classification as a career offender when he should have known that two predicate convictions were suspect); United States v. Williamson, 183 F.3d 458, 463 n.7 (5th Cir. 1999) ("[F]ailure to raise a discrete, purely legal issue, where the

precedent could not be more pellucid and applicable, denies adequate representation.").

As discussed previously, a court in the Middle District of Alabama previously addressed this issue in detail in a published case. See Robinson, 518 F. Supp. 2d at 1344-45. After examining the language of Alabama's Youthful Offender Act and surveying relevant Alabama case law, the Robinson court held that an Alabama YO adjudication does not count as a predicate "conviction" under the ACCA. See id. A judge from this Court likewise considered whether an Alabama YO adjudication constitutes a conviction under controlling state law and concluded that "Alabama law leaves no room for doubt-a youthful offender adjudication is *not* a conviction." Adams, 2011 U.S. Dist. LEXIS 42467, at *3, 2011 WL 1490340, at *1 (emphasis in original). And, as noted *supra*, Eleventh Circuit precedent indicates that courts should look to state law in an enhancement context to determine whether a prior adjudication qualifies as a conviction for purposes of the ACCA, see Santiago, 601 F.3d at 1246, and Alabama law is clear that an Alabama YO adjudication is not deemed a prior felony conviction for purposes of sentencing enhancement under the Habitual Felony Offender Act. See Ex parte Thomas, 435 So. 2d at 1326; Ex parte Dixon, 804 So. 2d at 1077.

As Parker points out, the lack of Eleventh Circuit or Supreme Court precedent directly addressing the issue suggests that

attempts to predicate an ACCA enhancement on an Alabama YO adjudication are rare (and improper). Indeed, it is telling that the Government cites no cases supporting the proposition that an Alabama YO adjudication qualifies as a prior conviction for ACCA enhancement purposes. Instead, it relies primarily on the Eleventh Circuit's finding that Parker's sentence was not plainly erroneous. But "claims of ineffective assistance of counsel are not limited by an appellate court's analysis whether a trial court plainly erred." Carthorne, 878 F.3d at 466 (explaining why "the plain error and ineffective assistance of counsel standards do not necessarily generate identical outcomes with respect to the same alleged error"). Because Parker's counsel failed to raise the necessary objection in the district court, the appellate court was bound by the strictures of plain error review. (See Doc. 122 at 6-7). In the Eleventh Circuit, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

On direct appeal, the Eleventh Circuit recognized that "Parker may be correct under a *de novo* standard of review[.]" (Doc. 122 at 8). However, because neither the Eleventh Circuit nor the Supreme Court had previously addressed whether an Alabama YO adjudication may qualify as an ACCA predicate conviction, and

because Alabama's Youthful Offender Act does not expressly resolve the issue, the appellate court found that the district court did not plainly err in predicating Parker's ACCA enhancement on an Alabama YO adjudication. (Id. at 7-9). In finding that Alabama's statutory YO scheme did not specifically resolve Parker's challenge in his favor, the Eleventh Circuit cited the language in Ala. Code. § 15-19-7(a) that a determination under Alabama's YO statute "shall not be deemed a conviction of crime," but "*if [the defendant] is subsequently convicted of a crime, the prior adjudication as youthful offender shall be considered*." (Id. at 8 (emphasis added)). Notably, under plain error review, the appellate court could not consider the above-referenced Alabama case law directly interpreting that language to mean that a prior YO adjudication may be considered in determining the sentence to be imposed within the statutory range for a later crime but may not be considered a prior felony conviction for purposes of sentence enhancement under the habitual offender statute. See, e.g., Ex parte Thomas, 435 So. 2d at 1326. Therefore, the appellate court's analysis of whether the district court plainly erred is not determinative of Parker's ineffective assistance claim on collateral review.

The Court notes that the PSR, which Dearman, as Parker's counsel, was required to review and discuss with Parker,[13] specifically noted that Parker had been "granted youthful offender status" as to one of the three first-degree marijuana possession offenses on which the ACCA enhancement was predicated. (Doc. 81 at 9; Doc 83 at 9). However, while Dearman objected to the ACCA enhancement on other (meritless) grounds,[14] he did not object to

---

[13] See 18 U.S.C. § 3552(d) ("The court shall assure that a report filed pursuant to this section is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing . . . ."); S.D. Ala. CrimLR 32(b)(2) ("It shall be defense counsel's responsibility to discuss the contents of the PSR with the Defendant prior to filing his or her position with respect to sentencing factors.").

[14] The grounds on which Dearman objected were clearly weaker than those that are the subject of the instant motion, which he failed to raise. As noted supra, Dearman generically objected to the use of Alabama first-degree marijuana possession convictions as ACCA predicates. (See Doc. 88 at 1-2). Specifically, he argued that Parker's marijuana offenses did not count as ACCA predicates because "an element of distribution" is required for a conviction under state law to qualify as a serious drug offense under the ACCA, and a person can be convicted under Alabama's first-degree marijuana possession statute for possessing marijuana for personal use only. (Id.); see Ala. Code § 13A-12-213(a) (stating that a person commits the crime of first-degree marijuana possession if "(1) He . . . possesses mari[j]uana for other than personal use; or (2) He . . . possesses mari[j]uana for his . . . personal use only after having been previously convicted of unlawful possession of mari[j]uana in the second degree or unlawful possession of mari[j]uana for his . . . personal use only"). However, the PSR specifically noted that each of Parker's predicate first-degree marijuana possession offenses were "for purposes other than personal use." (Doc. 81 at 10-11; Doc. 83 at 10-11). At sentencing, counsel for the Government noted that the probation officer had sent "copies of the indictments on the prior state cases by email to both lawyers" and stated that the "indictments

the use of an Alabama YO adjudication as an ACCA predicate conviction.

At the evidentiary hearing in this matter, Dearman stated that an Alabama YO determination is "absolutely an adjudication" rather than a conviction, but he noted that "[i]t was something that a few years back that I was not as clear on as I am now." (Doc. 141 at 31). Dearman asserted that there was no conceivable strategic reason for his failure to object to the use of Parker's YO adjudication as an ACCA predicate; indeed, he identified no reason for his failure to object other than his ignorance of the law regarding whether a YO adjudication constituted a previous conviction for purposes of the ACCA. (See id. at 31, 36). According to Dearman, his failure to recognize that an Alabama YO adjudication was not a criminal conviction under Alabama law and failure raise an objection to the ACCA enhancement on that basis

---

clearly show the defendant was indicted for the possession of marijuana for other than personal use and convicted of those counts." (Doc. 117 at 37). The indictments were admitted to the record at sentencing without objection. (Id. at 38). And, as counsel for the Government noted at sentencing, the Eleventh Circuit had already determined that a conviction for first-degree marijuana possession for other than personal use under Ala. Code § 13A-12-213(a)(1) satisfies § 924(e)(2)(A)(ii)'s definition of a serious drug offense. (Id.); see Barnes, 280 F. App'x at 913; Robinson, 583 F.3d at 1296-97 ("[W]e hold that a conviction under Ala.Code § 13A-12-213 for possession for marijuana for other than personal use qualifies as a serious drug offense for purposes of the ACCA.").

"was wrong," and "fell below the bar."  (Id. at 36).[15]  Under the circumstances documented above, the Court agrees that counsel's performance during Parker's sentencing proceedings fell below the wide range of reasonable professional assistance, see Strickland, 466 U.S. at 689-90, and that counsel's error in failing to recognize and argue that Parker's Alabama YO adjudication was not a prior conviction for ACCA purposes was so substantial as to stamp his overall performance with a mark of ineffectiveness.  See Hinton, 571 U.S. at 274 ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland.").

The undersigned also finds that there is a reasonable probability Parker's sentence would have been different but for counsel's unprofessional omissions or errors in failing to object to the use of Parker's Alabama YO adjudication as an ACCA predicate

---

[15]  In addition to Dearman's testimony, Parker has presented testimony by attorney Gordon Armstrong, III ("Armstrong"), and declarations from Armstrong and attorney T. Jefferson Deen ("Deen"). (Docs. 132-1, 132-2; Doc. 141 at 7-28).  Both Armstrong and Deen have extensive experience practicing criminal law in Alabama state courts and federal courts.  (See id.).  Armstrong and Deen aver that Alabama lawyers who practice criminal law have a duty to be familiar with Alabama's Youthful Offender Act and aware that an Alabama YO adjudication is not a conviction under Alabama law, and that attorneys representing defendants in federal court have a duty to object when an Alabama YO adjudication predicates an ACCA sentence. (Docs. 132-1, 132-2).  The Government has failed to persuasively contradict this testimony.

conviction.  First, as already touched on in connection with the "performance" prong, the existing authority strongly supported the position that an Alabama YO adjudication was not a previous criminal conviction for ACCA enhancement purposes.  Thus, there is at least a reasonable probability, indeed, a substantial likelihood, that the Court would have sustained an objection to the use of an Alabama YO adjudication as an ACCA predicate conviction.  Had the Court done so, Parker would not have had the three prior serious drug offense convictions necessary to trigger application of the ACCA.

Without an ACCA enhancement, the maximum sentence as to Parker's § 922(g)(1) conviction in count four was ten years.  (Doc. 35-1).  Because of the enhancement, Parker received thirty years as to that count.  (Doc. 100 at 2); see Mays v. United States, 817 F.3d 728, 737 n.12 (11th Cir. 2016) ("[E]rroneously sentencing a defendant under § 924(e)(1) results in 'actual prejudice': a sentence . . . above the applicable statutory maximum.").  Moreover, Parker's guideline range was calculated based on a total offense level of 37, which was significantly increased because of his armed career criminal enhancement, and criminal history category of VI.  With the ACCA enhancement, Parker's guideline imprisonment range was 360 months to life.  According to Parker, his guideline imprisonment range would have been 110 to 137 months

without the ACCA enhancement[16] (Doc. 125 at 2-3, 11 n.7), an assertion that the Government has not contested.

At sentencing, the Court found that "the guidelines are adequate" and imposed a sentence at the bottom of the significantly higher guideline range that resulted from the ACCA enhancement. (Doc. 117 at 47). While the Court could have sentenced Parker to the 360 months that he received even if there had been no ACCA enhancement, there is little to indicate that it would have done so. On the contrary, the Court's selection of a sentence at the low end of the enhanced guideline range suggests an intention to impose a sentence within the applicable guideline range. See Lee v. United States, 2017 U.S. Dist. LEXIS 200292, at *10-12, 2017 WL 6048807, at *4-5 (S.D. Fla. Dec. 6, 2017) (holding that § 2255 petitioner whose sentence was improperly enhanced under the ACCA was entitled to resentencing as to all grouped counts, including two § 841 convictions and one § 922(g)(1) conviction, even though he could have received the same 240-month total sentence without the ACCA enhancement). Given all of the foregoing circumstances, there is a reasonable probability that the Court would have imposed a different sentence had Dearman objected to the use of Parker's Alabama YO adjudication as an ACCA predicate conviction.[17]

---

[16] Based on an offense level of 26 and a criminal history category of V. (Doc. 125 at 2).

[17] Because the Court finds that counsel was ineffective for failing

As a final matter, the Court rejects the Government's argument that "Parker's ineffective assistance arguments are thinly-veiled attempts to avoid the relitigation bar."  (See Doc. 142 at 1). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."  United States v. Nyhuis, 211 F.3d 1300, 1343 (11th Cir. 2009) (quotation omitted).  However, Parker's claims of attorney error were not raised on direct appeal, nor were the facts and issues relevant to his ineffective assistance claims fully considered and disposed of by the Eleventh Circuit on plain error review.  Moreover, as noted *supra*, Parker's ineffective assistance of counsel claims "are not limited by [the] appellate court's analysis whether a trial court plainly erred."  See Carthorne, 878 F.3d at 466.

> The ineffective assistance inquiry focuses on a factor that is not considered in a plain error analysis, namely, the objective reasonableness of counsel's performance. In addition, *plain error review requires that there be settled precedent before a defendant may be granted relief, while the ineffective assistance standard may require that counsel raise material issues even in the absence of decisive precedent.*
>
> There is also a temporal distinction in the analysis performed under the two types of review.  Claims of ineffective assistance are evaluated in light of the

---

to object to the ACCA enhancement on the ground that Parker's Alabama YO adjudication did not qualify as a predicate criminal conviction, it need not decide whether counsel was ineffective for failing to argue that the YO adjudication was not a serious drug offense because it did not subject Parker to a maximum term of imprisonment of ten years or more.

> available authority at the time of counsel's allegedly
> deficient performance. But the plain error inquiry
> applies precedential authority existing at the time of
> appellate review.

Id. at 465-66 (emphasis added) (internal citations omitted).
"Thus, the plain error and ineffective assistance of counsel
standards do not necessarily generate identical outcomes with
respect to the same alleged error." Id. at 466.

This case exemplifies why the plain error and ineffective
assistance of counsel inquiries are not identical and can lead to
different outcomes, even when their underlying issues are similar.
As this Court has already explained, the appellate court's finding
that Parker's ACCA sentence was not contrary to explicit statutory
provisions or on-point Eleventh Circuit or Supreme Court precedent
does not resolve the underlying substantive issue, nor does it
mean that counsel was not ineffective for failing to raise a
critical and meritorious objection to the use of an Alabama YO
adjudication as an ACCA predicate conviction in the district court.

Furthermore, while "the 'substantial rights' standard of
plain error review is identical to the 'prejudice' standard of an
ineffective assistance claim," Gordon, 518 F.3d at 1300, the
Eleventh Circuit never reached the issue of whether Parker's
substantial rights were violated.[18]  Instead, defense counsel's

---

[18] As discussed previously, Parker has satisfied the "prejudice"
standard of his ineffective assistance claim because there was at
least a reasonable probability of a different result at sentencing

failure to preserve the issue at sentencing limited the appellate court's determination to whether the explicit language of the statutory scheme or on-point precedent from the Eleventh Circuit or Supreme Court specifically resolved the issue. Therefore, under the circumstances of this case, the Eleventh Circuit's finding of no plain error on direct appeal does not preclude or dispose of Parker's claim that his sentencing counsel was ineffective, nor does finding in Parker's favor on collateral review require this Court to rule contrary to the Eleventh Circuit.

**IV.  CONCLUSION**

For the foregoing reasons, it is recommended that Petitioner Jessie Anthony Parker's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 125) be **GRANTED**, that Parker's sentence be vacated, and that Parker be resentenced after preparation of an updated PSR.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

---

had Dearman objected to the use of an Alabama YO adjudication as an ACCA predicate conviction.

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **5th** day of **May, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**